**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, | ) ) ) |
| Plaintiffs | ) |
| vs. | ) NO. 18 CV 5387 |
| | ) |
| F. CASTRO, INC., an Illinois corporation, | ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COME the Plaintiffs, TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701 (the "FUND"), by their attorneys, ARNOLD & KADJAN, LLP, DONALD D. SCHWARTZ, and ANDREW S. PIGOTT, and for their Complaint against Defendants F. CASTRO, INC., an Illinois corporation ("F. CASTRO"), and state as follows:

1.  (a)  Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

(b)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2.  (a)  The Plaintiffs are the TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, a labor organization engaged in the representation of electrical workers in DuPage County, Illinois. Local 701 has been chartered by, and is affiliated with, the International Brotherhood of Electrical Workers (hereinafter also referred to as "IBEW" and "International"). Local 701's office is located at 28600 Bella Vista Parkway, Suite 1110, in Warrenville, Illinois 60555. Local 701 is governed

pursuant to Local Union By-Laws (hereinafter referred to as "By-Laws") and the Constitution of the International Brotherhood of Electrical Workers (hereinafter referred to as "Constitution").

(b)     The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 701 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

3.     (a)     Defendant F. CASTRO resides within this jurisdictional district.

(b)     Defendant F. CASTRO is an employer engaged in an industry affecting commerce.

(c)     Defendant F. CASTRO has its principal place of business located at 126 Evergreen Ave., Elmhust, IL 60126.

4.     Since on or before March 1, 2015, Defendant F. CASTRO, had authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5.     Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing

employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant F. CASTRO.

6.      By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant F. CASTRO, is bound, Defendant F. CASTRO has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

7.      In the event a delinquency is shown to be due and owing, Defendant F. CASTRO has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

8.      Independent of said Declarations of Trust to which Defendant has assented, Defendant F. CASTRO is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9.      Since on or before March 1, 2015, Defendant, F. CASTRO, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and

the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10.      Plaintiffs' auditor attempted to contact F. CASTRO on multiple occasions, and left a message each time requesting that F. CASTRO contact the auditor to schedule an audit to ensure F. CASTRO's compliance with its contribution obligations.

11.      F. CASTRO never responded to any of the Plaintiffs' auditors messages.

WHEREFORE, Plaintiffs pray:

A.      For entry of an order compelling F. CASTRO to submit to an ERISA fringe benefit contributions audit by Plaintiffs' auditor for the period from March 1, 2015 to the present.

B.      That judgment be entered for Plaintiffs and against Defendant F. CASTRO, for any amounts shown to be due on the audit.

C.      That Plaintiffs be awarded their costs herein, as follows:

(1)      Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2)      A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3)      Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4)      Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5)      Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D.      That pending final determination of this cause, Defendant F. CASTRO be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make

timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant

F. CASTRO be permanently so enjoined.

      E.    That the court grant Plaintiffs such other and further relief as it may deem

appropriate in the circumstances.

> TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,
>
> By:_____ /s/ Andrew S. Pigott_____
>            Its Attorney

Andrew S. Pigott
ARNOLD & KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
Telephone (312) 236-0415
Facsimile (312) 341-0438
ap@aandklaw.com